# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1322 | **DATE** | 6/17/2004 |
| **CASE TITLE** | Hamilton vs. Evans, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The County defendants' motion to dismiss [#14] is granted in part and denied in part. Also, the Union's motion to dismiss is granted [#12]. The Title VII and "Federal Whistleblowers Act" claims are dismissed without prejudice. The § 1981 and § 1983 claims against Evans, Ballard, Quinn and the Union defendants are also dismissed without prejudice. The § 1981 and § 1983 claims against Garza and Haywood are not dismissed. Hamilton has until July 8 to file his First Amended Complaint. If a First Amended Complaint is not filed at that time, the court will assume that Hamilton wishes only to proceed against Garza and Haywood, and those defendants will be given 14 days thereafter to answer Hamilton's Complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 18 2004 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| | Docketing to mail notices. | | *illegible initials* | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/17/2004 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CARL HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 1322 |
| | ) | Judge Joan H. Lefkow |
| TIMOTHY EVANS, Chief Judge, Circuit Court | ) | |
| of Cook County, Illinois; Veronica S. Ballard, | ) | |
| Chief Probation Officer, Cook County Adult | ) | |
| Probation, Tom Quinn, Deputy Chief Probation | ) | |
| Officer, Cook County Adult Probation; | ) | |
| American Federation of State, County and | ) | |
| Municipal Employees; Shelby Richardson, | ) | |
| Union Steward, Local 3486, American | ) | |
| Federation of State, County and Municipal | ) | |
| Employees, Oscar Garza, Supervisory Adult | ) | |
| Probation Officer, Cook County Adult | ) | |
| Probation Department; Lavonne Haywood, | ) | |
| Deputy Chief Probation Officer, Cook County | ) | |
| Adult Probation, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUN 1 8 2004

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff, Carl Hamilton ("Hamilton"), has filed this law suit against a variety of defendants alleging (1) constitutional violations pursuant to 42 U.S.C. § 1983; (2) violations of 42 U.S.C. § 1981; (3) violation of Title VII of the Civil Rights Act of 1964; and (4) what he refers to as a violation of the "Federal Whistleblowers Act." Before the court are separate motions to dismiss filed by two groups of defendants. The court will refer to one group as the "County defendants." This includes Timothy Evans, Chief Judge, Circuit Court of Cook County, Illinois; Veronica S. Ballard, Chief Probation Officer, Cook County Adult Probation; Tom

15

Quinn, Deputy Chief Probation Officer, Cook County Adult Probation; Oscar Garza, Supervisory Adult Probation Officer, Cook County Adult Probation Department; and Lavonne Haywood, Deputy Chief Probation Officer, Cook County Adult Probation. The second group of defendants, which includes the American Federation of State, County and Municipal Employees and Shelby Richardson, Union Steward, Local 3486, will be referred to as the "Union defendants." For the reasons set forth below, the County defendants' motion to dismiss is granted in part and denied in part and the Union defendants' motion to dismiss is granted.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

Liberally construed, Hamilton's *pro se* Complaint alleges that on June 11, 2002, he was appointed to the position of full-time adult probation officer. (Compl. ¶ 15.) Hamilton, who is African-American, alleges that during his six-week training program he was tardy on a few occasions and received a verbal reprimand. (Compl. ¶ 16.) In contrast to his treatment,

Hamilton maintains that another newly appointed officer who was white arrived "three-weeks late" for the training. (*Id.*) This white officer was also "assigned persons already employed by the agency and already familiar with the policies and procedures of the agency to assist him (tutor) in exam preparation and in some instances . . . was not required to take exams . . . ." Hamilton states that black officers "were given class-room lectures on the department['s] policies and procedures" and "were reminded that if . . . a score of 70% was not reached termination was imminent." Hamilton also alleges that another officer told him that a training specialist, who is not named as a defendant, "had referred to the plaintiff and two other African American classmates as being dumb and arrogant." (Compl. ¶ 18.)

Hamilton further alleges that near the end of the six-week training program, white officers were given their choice of assignments that were viewed as less dangerous and that non-white officers were receiving assignments at the Walnut street location, which, according to Hamilton, is a "location that is known for its mistreatment of African American employees." (Compl. ¶ 20.)

After beginning work, Hamilton complains of treatment "that was not consistent with that of non-African American employees serving in similar capacities." (Compl. ¶ 22.) By way of example, Hamilton notes that he was confronted regularly concerning his lunch breaks and time sheet procedures while white officers "went to the area gym to work out and play basketball for two to three hours daily." (*Id.*) White officers were also allegedly given access to County-owned automobiles. (*Id.*) After complaining of such treatment, Hamilton maintains that he was told "you have to learn that you can't do what white persons do." (Compl. ¶ 23.)

3

On January 17, 2003, Hamilton alleges that he informed his supervisor, defendant Oscar Garza, that he became ill during lunch and that he was requesting a half day off on sick leave. (Compl. ¶ 24.) Hamilton states that while the request was initially approved, Garza later confronted Hamilton about not being at work. (*Id.*) Garza then began screaming and yelling at Hamilton. (Compl. ¶ 25.)

According to Hamilton, on January 24, 2003, he was brought to the office of defendant Lavonne Haywood, the Deputy Chief Probation Officer, for a disciplinary hearing. (Compl. ¶ 26.) He requested that his own personal attorney assist him, but his Union representative preferred that Hamilton's attorney not attend. (*Id.*) During the meeting Hamilton was presented with a document stating that his six month probationary period was extended. Hamilton states that he signed the document "under duress." (Compl. ¶ 28.) This, according to Hamilton, "gave the agency the needed time to charge Mr. Hamilton with a count of insubordination and ultimate[ly] terminate him without adequate representation from the labor union due to his uncertain status as an at will employee." (*Id.*)

## DISCUSSION

### A. Title VII Claims

Hamilton brings Title VII claims against both the County and Union defendants. There is no indication in Hamilton's Complaint, however, that he ever filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Nor does Hamilton state that such a charge was filed in response to the defendants' arguments on this ground. "It is well-established that before filing a lawsuit under Title VII, a plaintiff must (1) timely file a charge with the EEOC, and (2) receive a right to sue letter from the EEOC." *Zugay* v. *Progressive*

*Care, Inc.*, 180 F.3d 901, 902 (7th Cir. 1999) (citing 42 U.S.C. § 2000e-5(b), (e), and (f) and *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Because there is no indication that Hamilton ever filed such a charge, his Title VII claims are dismissed without prejudice.

**B.     42 U.S.C. § 1981[1]**

*1.     County defendants*

Starting first with the County defendants, their initial argument is that Hamilton has not pled a *prima facie* case of discrimination under § 1981. Discrimination claims brought under § 1981 use the same method of proof as claims brought under Title VII. *E.g., Logan v. Kautex Textron N. Am.*, 259 F.3d 635, 637 n.1 (7th Cir. 2001); *Von Zuckerstein v. Argonne Nat'l Laboratory*, 984 F.3d 1467, 1472 (7th Cir. 1993) ("While § 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical."). Under the notice pleadings standards employed in this court, stating a claim for discrimination is not difficult. *E.g., Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say."). The County defendants are incorrect in asserting that Hamilton was required to plead a *prima facie* case of

---

[1] 42 U.S.C. § 1981 provides:

**(a) Statement of equal rights**
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined**
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of contractual relationship.

**(c) Protection against impairment**
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

discrimination. *See, e.g., Bowman* v. *Illinois Dep't of Corrections*, No. 03 C 7420, 2004 WL 406772, at *1 (N.D. Ill. Feb. 27, 2004) ("So lax is the pleading standard for Title VII claims that a plaintiff need not even plead a prima facie case of discrimination under the well known standard of *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792 (1973)."). Hamilton's Complaint, liberally construed, makes clear that he believes he was terminated based on his race.

Nevertheless, the County defendants also argue that Hamilton's § 1981 claim should be dismissed because he has not pled that any violation under that statute was "caused by a custom or policy within the meaning of *Monell* and subsequent cases." *Looper Maintenance Serv., Inc.* v. *City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999). To the extent that Hamilton sues a municipality, the County defendants are correct. For a municipality to be liable under § 1981 for the actions of its employees, any injury must have resulted from a municipal policy or custom. *Jett* v. *Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989) ("plaintiff must show that the violation of [his] right to make contracts protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases."). The court infers from Hamilton's Complaint that his action against Timothy Evans is an official capacity claim against the County because Evans "oversees the Cook County Adult Probation Department," which Hamilton refers to in his Complaint as the "Agency."

To allege that a municipal policy has violated an individual's civil rights under § 1981, a plaintiff needs to allege that (1) the municipality had an express policy that, when enforced, caused a constitutional deprivation; (2) the municipality had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) his or her injury was caused by a person

with final policymaking authority. *McCormick* v. *City of Chicago*, 230 F.3d 319,324 (7th Cir. 2000). Hamilton's Complaint does not allege any of the above in even a conclusional fashion and fails to put Evans, in his official capacity, on notice of the basis for municipal liability. This claim will be dismissed without prejudice to give Hamilton an opportunity to replead. In an Amended Complaint Hamilton need not plead facts establishing municipal liability but must at least put Evans on notice of the theory by which he is liable in his official capacity. *See id.* (concluding that complaint with "smattering of phrases like 'highest policymaking officers' and 'widespread custom'" was sufficient under liberal notice pleading standard).

The court presumes that the remaining § 1981 claims are brought against the other County defendants in their individual capacity. "Individual liability under Section 1981 can be found only where the individual himself has participated in the alleged discrimination against the plaintiff." *Behnia* v. *Shapiro*, 961 F. Supp. 1234, 1237 (N.D. Ill. 1997) (citing *Daulo* v. *Commonwealth Edison*, 892 F. Supp. 1088, 1091 (N.D. Ill. 1995)). Since the Complaint contains no allegations of discrimination by Ballard and Quinn, those two defendants are dismissed without prejudice. *E.g.*, *Naylor* v. *Rockford Park Dist.*, No. 98 C 50315, 1999 WL 626762, at *3 (N.D. Ill. July 14, 1999) ("Regarding the § 1981 claim against these defendants in their individual capacities, such a claim is viable so long as the individual defendants have personally participated in the alleged discrimination . . . .").

As for the remaining County defendants, Garza and Haywood, at least arguably Hamilton states a claim against these individuals. His Complaint alleges that Garza approved Hamilton's request for sick leave but, thereafter, confronted Hamilton about not being at work and began screaming and yelling at him. Garza is also alleged to have "a history of mistreating African

7

American Employees." (Compl. ¶ 30.) Moreover, Haywood is alleged to have conducted a meeting with Hamilton and his Union representative wherein Hamilton was placed on an extended probationary period. Hamilton speculates that this meeting gave his employer the necessary time to discharge him as an at will employee. Liberally construing Hamilton's Complaint, the court is persuaded that Hamilton has pled enough under the notice pleading regime employed here. As such, the court will not dismiss these claims. But because the court is giving Hamilton leave to replead, he should consider making his allegations clearer concerning these defendants and should bear in mind that although he is not required to plead facts, he must at least put the defendants on notice of the claims against them.

2.  *Union defendants*

To establish a Union's liability for discrimination under § 1981, Hamilton would have to show (1) that his employer violated the collective bargaining agreement entered into with his union; (2) that the union breached its own duty of fair representation by letting the breach go unrepaired; and (3) that some evidence indicates discriminatory animus motivated the union. *Greensdale v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 866 (7th Cir. 1997). The Union defendants argue that Hamilton has not pled anything resembling the above. The court agrees. Even liberally construing Hamilton's Complaint, he has not pled that the Union defendants violated any collective bargaining agreement, that they let the breach go unrepaired or that discriminatory animus motivated any decision. Accordingly, the § 1981 claims against the Union defendants are dismissed without prejudice.[2]

---

[2] The court agrees with the Union defendants that, to the extent Hamilton seeks to bring an action against the Union defendants for breach of the Union's duty of fair representation, this court does not have subject matter

(continued...)

## C. 42 U.S.C. § 1983[3]

### 1. County defendants

To the extent Hamilton sues Evans under § 1983, which this court construes as an official capacity claim against the County, the claim is dismissed without prejudice for the same reasons set forth above concerning the § 1981 claims. The claims against Ballard and Quinn are also dismissed without prejudice because neither are mentioned in Hamilton's Complaint. Liberally construing the remaining claims against the County defendants, once again, the court is persuaded that Hamilton has stated a claim against Garza and Haywood. The Complaint can be fairly read to bring forth claims for violation of equal protection against both Garza and Haywood. However, since Hamilton will be given leave to replead his other claims, once again, he should consider making his alleged constitutional violation clearer as it relates to this claim.

---

[2](...continued)
jurisdiction to hear the claim because Hamilton is a public employee. *See, e.g., Kirsch v. AFSCME Local 2645*, No. 01 C 6078, 2001 WL 1593149, at *1 (N.D. Ill. Dec. 13, 2001) ("[W]e think that if follows from the fact that a state-government employee cannot sue her employer under the [Labor Management Relations Act] for breach of a collective bargaining agreement that she cannot sue her union for failing to represent her adequately in her claim against the employer for breach of the agreement.").

[3]42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia

## 2. *Union defendants*

To establish the liability of the Union defendants under § 1983, Hamilton was required to allege "facts which, if true, would show that the Union, a private entity, was acting under color of state law . . . ." *Leahy v. Board of Trustees of Community College Dist. No. 508*, 912 F.2d 917, 921 (7th Cir. 1990). Because the Union defendants are not state actors, to establish that their actions were "under color of state law" there must be allegations that the Union defendants were willful participants "in joint action with the State or its agents." *Id.* (quoting *Malak v. Associated Physicians, Inc.*, 784 F.3d 277, 281-82 (7th Cir. 1986). None of the allegations Hamilton sets forth create an inference that the Union defendants acted under color of state law. Nor are there any allegations creating an inference that the Union defendants acted as a state instrumentality, performed traditionally exclusive sovereign functions or were compelled or encouraged by the state to make any decision. *See id.* As such, the § 1983 claims against the Union defendants are dismissed without prejudice.

## D. "Federal Whistleblowers Act"

Hamilton also alleges violation of something he refers to as the "Federal Whistleblowers Act." Hamilton does not provide a citation for this statute or otherwise explain the contours of his claim. Since the purpose of the notice pleading standards is to give defendants notice of the claims, and since Hamilton's Complaint, even liberally construed, fails to do that for this claim, the "Federal Whistleblowers Act" claims against both sets of defendants are dismissed without prejudice.

10

## CONCLUSION

For the reasons set forth above, the County defendants' motion to dismiss [#14] is granted in part and denied in part. Also, the Union's motion to dismiss is granted [#12]. The Title VII and "Federal Whistleblowers Act" claims are dismissed without prejudice. The § 1981 and § 1983 claims against Evans, Ballard, Quinn and the Union defendants are also dismissed without prejudice. The § 1981 and § 1983 claims against Garza and Haywood are not dismissed, although Hamilton is encouraged to be mindful of the court's statements above concerning these claims if he files a First Amended Complaint. Hamilton need not plead facts in his First Amended Complaint but the court notes that whatever clarity he can bring to his action will help facilitate ruling on his motion for appointment of counsel. Hamilton has until July 8 to file his First Amended Complaint. If a First Amended Complaint is not filed at that time, the court will assume that Hamilton wishes only to proceed against Garza and Haywood, and those defendants will be given 14 days thereafter to answer Hamilton's Complaint. It is so ordered.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 17, 2004