UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 0 2 2004

CARL HAMILTON, )
)
    Plaintiff, )
)
vs. )  No. 04 C 1322
)  Judge Joan H. Lefkow
TIMOTHY EVANS,, ET AL., )
)
    Defendants. )

FILED JUL 29 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:  Donald R. Hallsten, Jr.    Jacqueline Ann Thursby
     State's Attorney          State's Attorney
     500 Richard J. Daley Center  301 Richard J. Daley Center
     Chicago, IL 60602         Chicago, IL 60602

     Melissa J. Auerbach
     CORNFIELD & FELDMAN
     25 East Washington Street
     Suite 1400
     Chicago, IL 60602-1708

PLEASE TAKE NOTICE that on July 29, 2004 I filed with the Clerk of the United States District Court, Northern District, Illinois, E.D. Plaintiff's First Amended Complaint.

## CERTIFICATE OF SERVICE

I, Carl Hamilton, a non-attorney, on oath state that I served a copy of this Notice and Pleading on the parties to whom they are directed at the above stated addresses by U.S. Mail on July 29, 2004.

                                              Carl Hamilton, pro se
                                              7023 South Dante
                                              Chicago, IL 60637
                                              773/488-1570

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



CARL HAMILTON, )
)
      Plaintiff, )
)
vs. ) No. 04 C 1322
) Judge Joan H. Lefkow
TIMOTHY EVANS, ET AL., )
)
      Defendants. )

DOCKETED

AUG 0 2 2004

### FIRST AMENDED COMPLAINT

I.   Preliminary Statement

    1.   This actions seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and any other fees and costs that the court may deem adequate for racial discrimination, and the intentional or negligent infliction of emotional, physical and financial distress suffered by plaintiff, CARL HAMILTON, when defendants, TIMOTHY C. EVANS, Office of the Chief Judge of Cook County, Illinois (hereinafter Agency) and VERONICA S. BALLARD, Chief Probation Officer, Cook County Adult Probation, terminated plaintiff from his position as Adult Probation Officer on the recommendation from TOM QUINN, Deputy Chief Probation Officer, Cook County Adult Probation. The recommendation was based on a pretextual charge of insubordination brought against the plaintiff by his immediate supervisor, OSCAR GARZAM, in conjunction with LAVONNE HAYWOOD and THOMAS QUINN. The Agency and its representatives were following

a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with force of law, that permits discrimination based on race in the operation of its offices. Furthermore, such custom or usage is known, or should have been known by defendant, EVANS.

II. Jurisdiction

2. This action arises under 43 U.S.C. 1981, 42 U.S.C. 1983, and 42. U.S.C. 1988, and jurisdiction is conferred by 28 U.S.C. 1331.

III. Venue

3. This action is properly brought in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1391(b) because the claim arose in this judicial district.

IV. Parties

4. CARL HAMILTON is a black, male citizen and resident of the United States of America.

5. TIMOTHY C. EVANS is the Chief Judge of Cook County, Illinois, and furthermore oversees the Cook County Adult Probation Department.

6. VERONICA S. BALLARD is the Chief Probation Officer for the Cook County adult Probation Division.

7. THOMAS QUINN and LAVONNE HAYWOOD are Deputy Chief Probation Officers for the Cook County Adult Probation Department and more specifically, they are the persons who recommended the

2

termination of plaintiff employment at the Walnut Street office of the Agency.

8. OSCAR GARZA is a supervisory Adult Probation Officer assigned to the Agency's Walnut Street Location. More specifically, GARZA was the plaintiff's immediate supervisor.

V. <u>Facts</u>

9. Plaintiff was hired by agency as a full time Probation Officer on June 11, 2002, and began a six week mandatory training program.

10. During the training program, plaintiff was tardy on a few occasions and received a verbal reprimand from the Agnecy's training specialist, who stated that the Agency's attendance policies were vigorously enforced.

11. On July 28, 2002 one of the twenty newly appointed Adult Probation Officers, Joseph Cranford, a white male arrived for training three weeks after the program started.

12. During the training Cranford received tutoring and was exempted from certain examinations unlike other newly appointed officers/trainees who were black, and those black officer/trainees were given classroom lectures on the Department's policies and procedures, unlike Mr. Cranford. In other instances Cranford was exempted from exams required by black officer/trainees

13. Plaintiff was informed by a non-black employee that Carmen Rodriguez, the Agnecy's senior training specialist

3

referred to plaintiff and other black officer/trainees as being dumb and arrogant.

14. Plaintiff received a permanent assignment to the Agency's Walnut Street office, and is informed and believes that it is the practice of the Agency to assign white officer/trainees to the Agency locations other than Walnut Street based on the perception that Walnut Street is more dangerous than other locations and proximity to other family and friends who are employees of the Agency. Such factors are not considered in the assignment of black officer/trainees. Walnut Street, on the other hand, is known for its mistreatment of black employees.

15. Plaintiff was admonished by GARZA about the length of his one hour lunch breaks and the need for strict compliance with time sheet procedures. White officer, Ray Shoenfield and Tom Ford were permitted to take two and three hour lunches. Additionally, black officers in the Agency were forced to use their own automobiles while conducting field work, while white officers were provided Agency cars.

16. Plaintiff attempted to inform other of the unlawful employment practices, but was told by the Deputy Chief Probation Officer Mike Kingston during a coach and counseling session, "you have to learn that you can't do what white persons do."

17. On Friday, January 17, 2003 plaintiff became ill at lunch, and requested a half sick day off which GARZA granted. However, on January 21, 2003 plaintiff was confronted by GARZA

4

for note being at work on the afternoon of January 17, 2003.

18. On Friday, January 24, 2003 a disciplinary meeting was ostensibly called for by Deputy Chief Lavonne Hayood, which plaintiff attended with a private attorney as provided for by union rules. Plaintiff was informed that the meeting would not be conducted should his attorney attend, but that a union representative would be provided for him. Furthermore, was informed that he was a probationary employee until the following Monday, January 27, 2003 and could be fired at will, immediately.

19. Plaintiff attended the meeting with the union representative, Shelby Richardson. No disciplinary issues were discussed, and plaintiff was presented with a document extending plaintiff's probationary period for an additional six months.

20. Plaintiff asked time to review the document with an attorney, who advised him by phone not to execute the document. Plaintiff was told to "either sign it, or we can terminate you now". Plaintiff executed the document.

21. On or about Wednesday, January 29, 2003 plaintiff received a letter noticing a disciplinary hearing for on or about February 5, 2003, which continued until on or about February 7, 2003. Plaintiff was terminated for insubordination on February 28, 2003.

22. Plaintiff believes that his termination for insubordination was pretextual, and that the disparate treatment received by black Probation Officers at the Walnut Street office

5

of the Agency in their training, assignments and discipline constitutes an open and notorious custom and practice, well known to defendants EVANS, BALLARD, QUINN, GARZA, and HAYWOOD, and is so extensive and widespread as to constitute a policy within the Walnut Street office, enforced as if by law.

23. Plaintiff communicated the disparate treatment directly and indirectly to defendants, EVANS, BALLARD, QUINN, GARZA and HAYWOOD in person, by letter, and by telephone during the course of his employment. None of these defendants responded to plaintiff's allegation.

24. In fact, plaintiff is informed and believes that because of plaintiff's complaints about the disparate treatment of black Probation Officers, plaintiff was terminated.

### COUNT I

4-24. Plaintiff re-alleges paragraphs 4 though 24 of his complaint as paragraphs 4 through 24 of Count I.

25. The conduct of defendants, EVANS, BALLARD, QUINN, GARZA, and HAYWOOD is a violation of 42 U.S.C. 1981.

### COUNT II

4-24. Plaintiff re-alleges paragraphs 4 though 24 of his complaint as paragraphs 4 through 24 of Count I.

25. The conduct of defendants, EVANS, BALLARD, QUINN, GARZA, and HAYWOOD is a violation of 42 U.S.C. 1983.

4-24. Plaintiff re-alleges paragraphs 4 though 24 of his complaint as paragraphs 4 through 24 of Count II.

25. The conduct of defendants, EVANS, BALLARD, QUINN, GARZA, and HAYWOOD is a violation of 42 U.S.C. 1983.

### COUNT III

4-24. Plaintiff re-alleges paragraphs 4 though 24 of his complaint as paragraphs 4 through 24 of Count III.

25. The conduct of defendants, EVANS, BALLARD, QUINN, GARZA, and HAYWOOD constitutes a conspiracy to deprive plaintiff of his constitutional rights and a violation of 42 U.S.C. 1985.

WHEREFORE, plaintiff, CARL HAMILTON prays that the court:

1. Declare the defendants in violation of plaintiff's rights
2. Enjoin defendants from engaging in such conduct.
3. Award plaintiff back bay and benefits from February 28, 2003 to the present
4. Award plaintiff such sums as the court deems just as damages, including punitive damages.
5. Award costs and attorney's fees pursuant to 42 U.S.C. 1988.
6. Grant such other relief as it may deem just and equitable.

CARL HAMILTON

By: _____

Carl Hamilton
7023 South Dante
Chicago, IL 60637
773/ 324-5086

7